IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHEM-AQUA, INC., | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:14-mc-71-D-BN |
| | § | |
| NALCO COMPANY, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING FED. R. CIV. P. 45(f)
TRANSFER OF SUBPOENA-RELATED MOTIONS**

Chem-Aqua, Inc. has filed a Motion to Quash or Modify Nalco's Subpoena, or in
the Alternative, Motion for Protection. *See* Dkt. No. 1. Nalco Company, in turn, has
filed a Motion to Transfer Pursuant to Fed. R. Civ. P. 45(f) [Dkt. No. 8] and a Motion
to Compel Chem-Aqua, Inc. to Produce Documents [Dkt. No. 16] and requests that the
motion to quash and motion to compel be transferred to the United States District
Court of the Northern District of California, *see* Dkt. No. 8. Chief Judge Sidney A.
Fitzwater has referred all of these motions to the undersigned magistrate judge for
determination under 28 U.S.C. § 636(b)(1)(A). *See* Dkt. Nos. 4 & 20.

Nalco seeks, under Federal Rule of Civil Procedure 45(f), to transfer the motion
to quash and corresponding motion to compel to the issuing court where the underlying
action is pending, the United States District Court for the Northern District of
California. *See* Dkt. No. 8; Dkt. No. 16 at 1. Chem-Aqua opposes Nalco's motion to
transfer. *See* Dkt. Nos. 10 &19. Nalco has filed a reply. *See* Dkt. No. 22.

-1-

For the reasons explained below, Nalco's Motion to Transfer Pursuant to Fed. R. Civ. P. 45(f) [Dkt. No. 8] is GRANTED.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Because Chem-Aqua does not consent to transfer, the Court may only transfer the motion to quash and motion to compel if exceptional circumstances exist.

"[T]he proponent of transfer bears the burden of showing that such circumstances are present." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments). The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.*

In support of its motion to transfer, Nalco asserts that:

- the discovery dispute in this Court arises because Chem-Aqua objects to producing a witness for deposition pursuant to Nalco's subpoena in *Nalco Company v. Turner Designs, Inc.*, CV-13-02727, pending in the Northern District of California, *see* Dkt. No. 8 at 1;

- that this discovery dispute mirrors a similar dispute that has already been resolved by the United States District Court for the Northern District of California, as Chem-Aqua acknowledges in arguing that the Northern District of California's ruling in that dispute should govern resolution of its motion to quash in this Court, *see id.*;

- that a transfer is needed to avoid inconsistent outcomes on the same issues and for judicial economy because the issuing court has fully considered a similar issue and is thoroughly familiar with the disputes, *see id.*;

- that, although the issuing court in the Northern District of California entered an order in the underlying litigation on similar disputes as to a similar subpoena served on another third party, that court later agreed to reconsider the decision, but, during further discussions ordered by the court, the parties reached an agreement and the requested documents were produced, *see id.* at 3;

- that Nalco has also served subpoenas on a number of other third parties in other districts to obtain evidence of direct infringement, and so similar discovery disputes may arise with some of those third parties which should all be decided consistently by the issuing court, which is presiding over the underlying

litigation and is most familiar with the issues in that litigation, *see* Dkt. No. 22 at 2; and

· that transferring the matter to the Northern District of California poses minimal burden on Chem-Aqua, because Chem-Aqua has already stipulated regarding confidentiality of documents under a protective order in the Northern District of California, has counsel who can appear in the Northern District of California, and can likely appear telephonically (without objection by Nalco) if the court in the Northern District of California elects to hold a hearing on these issues, *see id.* at 4.

According to Nalco, "[t]ransfer would also eliminate the need for this Court to review from scratch a dispute that is very similar to one that has already been presented and ruled upon by another court," Dkt. No. 8 at 2, where "the California court is in the best position to apply its own reasoning to similar issues presented by Chem-Aqua's motion to quash," Dkt. No. 22 at 1.

Chem-Aqua opposes transfer because:

· it would be inconvenient and burdensome to require Chem-Aqua to seek protection in California against Nalco's third-party subpoena, *see* Dkt. No. 19 at 1;

· transfer in light of Nalco's continued abuse of the discovery process would fly in the face of the Advisory Committee on Civil Rules's edict that Rule 45(f) was added "to protect local nonparties" so that "[t]he prime concern should be avoiding burden on local nonparties subject to subpoenas," *id.*;

- Nalco has not demonstrated the "exceptional circumstances" required for a Rule 45(f) transfer over Chem-Aqua's objection, *see id.*; and

- Nalco has not shown that its interest in a transfer outweighs Chem-Aqua's interest in local enforcement of its Motion to Quash, *see id.* at 1-2; *see also* Dkt. No. 10.

Chem-Aqua asserts that "there is no danger of disrupting the Northern District of California's management of the underlying litigation, because that court has issued a written order regarding the issues presented by the instant Motion, and that order is available as guidance to this Court" and "the Northern District of California will not issue subsequent rulings with regard to the issues presented, as the 'parties [to that dispute] have agreed to a stipulation that resolves the dispute.'" Dkt. No. 10 at 3; *see also* Dkt. No. 19 at 6. Chem-Aqua contends that, where it "is not a party to the Northern District of California action," where it does not "have any relationship with the parties in that action other than being their direct competitor," and where "Chem-Aqua and its counsel both reside in this District," "litigating the instant Motion in the Northern District of California [would be] much more burdensome and expensive for non-party Chem-Aqua than in this District." Dkt. No. 10 at 3; Dkt. No. 19 at 7. Chem-Aqua argues that "transfer would not only be prejudicial and unduly burdensome, but would also affirmatively contribute to Nalco's continued use of the subpoena power to harass nonparties." Dkt. No. 19 at 6.

Nalco replies that "Chem-Aqua fails to show that it would suffer any real burden or prejudice by a transfer" and "does not (and cannot) cite any cases where a third

party dispute was not transferred where the underlying court had already heard similar discovery disputes." Dkt. No. 22 at 3. Nalco also contends that "Chem-Aqua paints an incorrect picture of the resolution of the dispute with" the other third party in the underlying litigation, where "[t]he California court reconsidered its original order after reviewing additional evidence, the motion was heard telephonically by the Court, and with the court's guidance, the parties resolved the issue consistent with the court's guidance." *Id.* at 3.

The Court is persuaded that transfer is appropriate here based on exceptional circumstances. Nalco has made a sufficient showing that transfer is warranted to avoid disrupting the issuing court's management of the underlying litigation where that court has already ruled on issues presented by the motion to quash and motion to compel or the same issues may arise in discovery in many districts. *Cf. Wultz v. Bank of China, Ltd.*, No. 13-1282(RBW), ___ F. Supp. 2d ____, 2014 WL 2257296, at *7-*8 (D.D.C. May 30, 2014).

In particular, the Court is concerned that the very decision on which Chem-Aqua bases much of its motion to quash may have been subject to reconsideration by the issuing court, as reflected by the parties' submissions. *See* Dkt. No. 3-1 at App. 74-78, 159-169; Dkt. No. 9-1, Exs. D & E. Chem-Aqua asserts that the documents do not clearly show what Nalco contends, but Chem-Aqua never actually denies that the issuing court was considering a request to reconsider the decision on which Chem-Aqua wants this Court to rely. *See* Dkt. No. 10 at 2 n.2; Dkt. No. 19 at 4-5. Further, where the issuing court has already considered similar issues as to one other similar third-

party subpoena, transfer to the issuing court is appropriate where the same or substantially similar issues may arise in discovery disputes in many districts in which compliance with Nalco's subpoenas to other third parties is required.

The Court finds that the interests in having the issuing court resolve the discovery issues presented by the pending subpoena-related motions outweigh Chem-Aqua's interests in obtaining local resolution of the motions in this Court. And the Court agrees with Nalco's contention that "Chem-Aqua will suffer minimal burden, if any, in litigating its discovery dispute before the California court," where "Chem-Aqua's only burden argument is an unsupported statement that litigating in California would be 'burdensome and expensive.'" Dkt. No. 22 at 4. Almost any subpoenaed party could make the same undue burden arguments that Chem-Aqua makes here. And yet a Rule 45(f) "transfer to the court where the action is pending is sometimes warranted," such as where the issuing court "has already ruled on issues presented by the motion." FED. R. CIV. P. 45(f), advisory committee notes (2013 amendments).

Further, as Nalco points out (and Chem-Aqua does not dispute), Chem-Aqua may be allowed to make a telephonic appearance at any hearing in California. To be sure, this possibility – which the Advisory Committee Notes encourage judges to permit "to minimalize the burden a transfer imposes on nonparties," *id.* – cannot weigh decisively in favor of transfer in every instance. But neither can the fact that the subpoenaed party and its counsel are (unsurprisingly) located in the district where

compliance is required and not in the issuing district weigh decisively against transfer to the issuing court in the face of other exceptional circumstances favoring transfer.

Finally, Chem-Aqua asserts that "Nalco has repeatedly abused the discovery process throughout the course of its underlying lawsuit, and its present subpoenas to Chem-Aqua, as well as the instant Motion to Transfer, are additional steps in furtherance of Nalco's continued harassment." Dkt. No. 19 at 2. But, if that is so, it would weigh in favor of transferring these motions to the issuing court that is presiding over the underlying litigation and that is better positioned to assess Nalco's overall discovery conduct and what, if any, bearing that conduct should have on resolving Chem-Aqua's motion to quash and Nalco's motion to compel.

## Conclusion

Nalco Company's motion [Dkt. No. 8] seeking transfer of Chem-Aqua, Inc.'s Motion to Quash or Modify Nalco's Subpoena, or in the Alternative, Motion for Protection [Dkt. No. 1] and Nalco Company's Motion to Compel Chem-Aqua, Inc. to Produce Documents [Dkt. No. 16] to the United States District Court of the Northern District of California is GRANTED.

Chem-Aqua, Inc.'s Motion to Quash or Modify Nalco's Subpoena, or in the Alternative, Motion for Protection [Dkt. No. 1] and Nalco Company's Motion to Compel Chem-Aqua, Inc. to Produce Documents [Dkt. No. 16] are hereby remitted to the United States District Court of the Northern District of California, San Francisco Division for determination in connection with the underlying litigation, *Nalco Company v. Turner Designs, Inc.*, CV-13-02727 (N.D. Cal.).

-8-

SO ORDERED.

DATED: June 13, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE